1
2
3
4
5                    UNITED STATES DISTRICT COURT
6                           DISTRICT OF NEVADA
7
8    JUAN X. HIGH,                      )
                                         )
9                    Plaintiff,          )        CV-N-05-0241-LRH(RAM)
                                         )
10   vs.                                 )
                                         )        **ORDER**
11   JAMES BACA, *et al.*,               )
                                         )
12                    Defendants.        )
     _____/
13

14          This is a civil rights action brought *pro se* by Juan X. High, a prisoner at the Ely State

15   Prison in Ely, Nevada.  He requests, pursuant to Fed. R. Civ. Pro. 60(b) and the Local Rules of

16   Practice, that the Court reconsider its Order of January 21, 2006, screening his second amended

17   complaint.  Specifically, High argues the court erred in its dismissal of certain defendants in Claim

18   VII and in dismissing Claim IX in its entirety.  Defendants have opposed the motion for

19   reconsideration (docket #39) and High has replied (docket #49).  Plaintiff also brings a motion that

20   the court review his motion for temporary restraining order and/or preliminary injunction (#43).

21   That motion shall be granted, but defendants will be required to respond to the motion for injunction

22   before a decision shall be entered.

23          Fed. R. Civ. Pro. 60(b) allows a court to give a party relief from an order if there has

24   been a mistake made, there is newly discovered evidence, fraud has occurred, the judgment is void,

25   or has been satisfied, or for other good cause.  *See also Thomas v. Bible,* 983 F.2d 152, 155 (9th Cir.

26   1993).

1    High argues that the Court made a mistake in dismissing certain defendants from

2    Claim VII of his second amended complaint.  He contends that defendants Baca, Neven, Wallace,

3    and Casaleggio should be required to answer on their refusal to provide him with the requisite pre-

4    dawn meal despite the readily available alternative of serving the morning meal with the prior

5    evening's meal.

6    Plaintiff has offered no new evidence or provided this court with anything more than

7    a restatement of the allegations presented in his second amended complaint.  The court determined

8    there were legitimate institutional security reasons to limit the availability of religious meals.

9    As to claim IX, High argues that his claim related to his right to wear his religious

10   headgear, a Kuffi, should not have been dismissed.  He provides a copy of a first level grievance

11   response which upholds his complaint and advises him that he will is permitted to wear his Kuffi.

12   In light of this grievance response, it appears that High's claim as to his religious

13   headgear has been resolved in his favor and there remains no further dispute.  Furthermore, the court

14   finds that its original review of the claim was accurate and does not warrant review.

15   The motion for reconsideration shall be denied.

16   **IT IS THEREFORE ORDERED** that Plaintiff's motion for reconsideration (docket

17   #34) is **denied**.

18   **IT IS FURTHER ORDERED** that plaintiff's motion for review (docket #43) is

19   **granted**.  The defendants shall have thirty days from entry of this order to file their response to

20   Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction (docket #28).

21   Plaintiff shall have fifteen days to respond and the matter shall be submitted to the Court for

22   consideration.

23   Dated this 22nd day of May, 2006.

24

25

26   _____
     LARRY R. HICKS
     UNITED STATES DISTRICT JUDGE

2