UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | | |
|---|---|---|
| JUAN X. HIGH, | ) | |
| Plaintiff, | ) | 3:05-cv-00241-LRH-RAM |
| v. | ) | O R D E R |
| JAMES BACA et al., | ) | |
| Defendants. | ) | |

Before this court is the Report and Recommendation of U.S. Magistrate Robert A. McQuaid (#133[1]) entered on February 6, 2008, recommending granting in part and denying part Defendants' Motion to Dismiss[2] (#113) filed on June 11, 2007. Plaintiff filed his Objections to Magistrate Judge's Report and Recommendation (#134) on February 15, 2008; Defendants filed their Objection to Report and Recommendation on February 22, 2008 (#135). These objections were filed pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 1B 3-2 of the Rules of Practice of the United States District Court for the District of Nevada.

Also before the court is Plaintiff's Motion to Strike (#136). Defendants filed an

---

[1] Refers to court's docket number

[2] Because both Plaintiff and Defendants submitted matters outside the pleadings, which this court considered, Defendants' motion is treated as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.

1  opposition to this motion (#137) to which Plaintiff replied (#139). Plaintiff has also filed a Motion
2  for Expedited Trial (#140). Defendants filed an opposition to this motion (#141) to which Plaintiff
3  replied (#143). Plaintiff has also filed a Motion to File Late Pleading (#143). Finally, Defendant
4  has filed a Motion to Strike (#142).
5  **I.    Motion to Dismiss**
6        The court has conducted its *de novo* review in this case, has fully considered the
7  objections of the Plaintiff and Defendants, the pleadings and memoranda of the parties and other
8  relevant matters of record pursuant to 28 U.S.C. § 636(b)(1) and Local Rule IB 3-2. The court
9  determines that the Magistrate Judge's Report and Recommendation shall be adopted and accepted
10 with the exception of the report and recommendation as to count four, which the court adopts in
11 part and overrules in part.
12       Count four alleges that Defendants retaliated against Plaintiff for exercising his First
13 Amendment right to file grievances. Within the prison context, a viable claim of First Amendment
14 retaliation entails five basic elements: "(1) An assertion that a state actor took some adverse action
15 against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4)
16 chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably
17 advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).
18       In support of his First Amendment retaliation claim, Plaintiff sets forth three incidents
19 involving prison transfers. The court adopts the Report and Recommendation as to the first
20 incident, which involved a transfer from Southern Desert Correctional Center to High Desert State
21 Prison.
22       The second incident involved Plaintiff's transfer from High Desert State Prison to
23 Nevada State Prison. The court concludes that the events surrounding the second incident do not
24 create a genuine issue for trial. Defendants have presented evidence that Plaintiff's was transferred
25 to Nevada State Prison because he named enemies at the High Desert State Prison. (Chrono Entries


1 for Juan High (#56), Ex. B at 15.)  Such a security risk is evidence of a legitimate correctional goal
2 for transferring Plaintiff and suffices to preclude any relief with respect to this incident.  *See*
3 *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (finding that "some evidence" of a legitimate
4 penological purpose defeats a plaintiff's First Amendment retaliation claim at summary judgment).
5          The third incident involves Plaintiff's transfer from Nevada State Prison to Ely State
6 Prison.  Defendants have shown they are entitled to summary judgment as to this incident by way
7 of a hearing officer's finding that Plaintiff violated MJ-41.  (Audiocassette (#131), Ex. J.)  MJ-41
8 prohibits "[g]athering around, blocking, or impeding any correctional employee or visitor, in a
9 threatening or intimidating manner and exhibiting conduct, which causes the person to fear for his
10 safety."  While Defendants cited a violation of MJ-30 as the reason for Plaintiff's transfer–and it is
11 undisputed that the hearing officer found no evidence to support a MJ-30 violation–this apparent
12 error does not change the fact that Plaintiff was found in violation of MJ-41.  This violation, which
13 arose out of sexually inappropriate behavior with a NSP female caseworker, caused prison officials
14 to worry that Plaintiff would continue to harass or stalk the caseworker if Plaintiff were returned to
15 the general population yard.  (Chrono Entries for Juan High (#56), Ex. B at 17.)   Defendants have
16 therefore asserted a legitimate correctional goal for Plaintiff's transfer to Ely State Prison and are
17 accordingly entitled to summary judgment on Plaintiff's First Amendment retaliation claim arising
18 out of this incident.

19 **II.     Other Pending Motions**

20          In Plaintiff's Motion for Expedited Trial, he requests that "a trial be held expeditiously
21 and notice of these retaliatory acts be permitted to be introduced into the record as a pattern,
22 custom, practice or policy of NDOC prison officials."  (Mot. For Expedited Trial (#140) at 4.)  The
23 Federal Rules of Civil Procedure do not authorize any such motion.  The motion is therefore
24 denied, and Defendants' May 16, 2008, motion to strike is granted.
25          The court has also considered Plaintiff's motion to strike Defendant's objection to the

1  Magistrate's Report and Recommendation.  In this motion Plaintiff contends that Defendants'
2  objection was untimely filed and that it contains "insufficient defenses or immaterial, redundant,
3  impertinent, or scandalous statements.  (Motion to Strike (#136) at 2.)  Plaintiff's motion is without
4  merit.  Defendants' objection was timely filed within ten working days after the Magistrate filed his
5  Report and Recommendation.  Moreover, there is nothing in Defendants' objection that could be
6  deemed subject to a motion to strike.

7       IT IS THEREFORE ORDERED that the Magistrate Judge's Report and
8  Recommendation (#133) entered on February 6, 2008, is adopted and accepted except as to the
9  report and recommendation respecting count four, which the court adopts in part and overrules in
10  part to the extent delineated in this order.

11       IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (#113) is GRANTED
12  in part and DENIED in part.

13       IT IS FURTHER ORDERED that Plaintiff's Motion to Strike (#136) is DENIED.

14       IT IS FURTHER ORDERED that Plaintiff's Motion for Expedited Trial (#140) is
15  DENIED.

16       IT IS FURTHER ORDERED that Defendant's Motion to Strike (#142) is GRANTED.

17       IT IS FURTHER ORDERED that Plaintiff's Motion to File Late Pleading (#143) is
18  DENIED as moot.

19       IT IS SO ORDERED.

20       DATED this 30th day of September 2008.

21
22
23       _____
24       LARRY R. HICKS
     UNITED STATES DISTRICT JUDGE
25