UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| JUAN X. HIGH,                    )<br>                                              )<br>            Plaintiff,           )<br>                                              )<br>   v.                                        )<br>                                              )<br>JAMES BACA, et al.,        )<br>                                              )<br>            Defendants.      )<br>_____) | 3:05-CV-00241-LRH-RAM<br><br>O R D E R |

Before the court is Plaintiff Juan High's motion for reconsideration (#161[1]). In High's present motion, he argues that this court erred in its October 1, 2008, order, by adopting the magistrate's report and recommendation as to Count Two of the amended complaint and by overruling the magistrate in part as to Counts One and Four.[2]

While the Federal Rules of Civil Procedure do not explicitly recognize a motion to reconsider, this court has the inherent power to revise, correct, and alter interlocutory orders at any time prior to entry of a final judgment.[3] See Sch. Dist. No. 5 v. Lundgren, 259 F.2d 101, 105 (9th

---

[1] Refers to the court's docket entry number

[2] Count One is substantially the same as Count Four.

[3] Although High bases his motion on Federal Civil Procedure 60(b)(6), that rule does not authorize High's motion, as no final judgment was ever entered in this case. See Fed. R. Civ. P. 60(b) ("On motion and just terms, the court may relieve a party or its legal representative from a *final* judgment, order, or proceeding

Cir. 1958); *Santamarina v. Sera, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006). This authority is governed by the law of the case doctrine under which a court will generally not reexamine an issue previously decided by the same or higher court in the same case. *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 766 (9th Cir. 2001); *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998). However, a court may have discretion to depart from the law of case when (1) the first decision was clearly erroneous, (2) there has been an intervening change of law, (3) the evidence on remand is substantially different, (4) other changed circumstances exist, or (5) a manifest injustice would otherwise result. *Cuddy*, 147 F.3d at 1114.

The magistrate's February 6, 2008, report and recommendation, which this court adopted in pertinent part, found that High's alleged injury in Count Two arising from a December 2003 cancellation of a Ramadan fast was time barred by the applicable two-year statute of limitations. This finding, however, did not correctly calculate the time within which High had to bring suit. As stated in the magistrate's report and recommendation, High filed this action on January 10, 2005. Thus, any injury that accrued within the two-year period prior to January 10, 2005 (i.e., January 10, 2003 or later), is not time barred. The alleged December 2003 injury therefore falls within the applicable statute of limitations.

High also argues that this court erred by granting partial summary judgment in favor of Defendants on his claim in Counts One and Four that prison officials transferred him from High Desert State Prison to Nevada State Prison in retaliation for filing prison grievances. In its October 1, 2008, order, the court held that because Defendants presented "some evidence" of a legitimate penological purpose for High's transfer, High cannot succeed at trial on his First Amendment retaliation claim. Although High is correct that the Ninth Circuit has declined to

---

. . . .") (emphasis added); 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2852, at 233 (2d ed. 2005) ("Rule 60(b) . . . applies only to 'a final judgment, order, or proceeding.' Thus, the power of a court to modify an interlocutory judgment or order at any time prior to final judgment remains unchanged and is not limited by the provisions of Rule 60(b).").

extend the "some evidence" standard to allegedly retaliatory acts not preceded by a hearing, *Hines v. Gomez*, 108 F.3d 265, 269-70 (9th Cir. 1997), High was in fact provided with a hearing on January 20, 2004, regarding his transfer. (Chrono Entries (#56) Ex. B at 13).  Application of the "some evidence" standard was therefore not error.

IT IS THEREFORE ORDERED that Plaintiff's motion for reconsideration (#161) is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

DATED this 27th day of April, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE